IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                           3:12-cv-01463-MA

        Plaintiff,                         OPINION AND ORDER

   v.

$17,980.00 IN UNITED STATES
CURRENCY, *in rem*,

        Defendant.

S. AMANDA MARSHALL
United States Attorney
District of Oregon
ANNEMARIE SGARLATA
Assistant United States Attorney
1000 Southwest Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Plaintiff

BRIAN L. MICHAELS
259 East Fifth Avenue, Suite 300-D
Eugene, Oregon 97401

    Attorney for Claimant Donna Dickson

MARSH, Judge

    Plaintiff brings this civil forfeiture action pursuant to 21

U.S.C. § 881; and 28 U.S.C. §§ 1345, 1356 & 1395.  Currently before

the court is Claimant Donna Dickson's Motion to Dismiss and for

1 - OPINION AND ORDER

Change of Venue (#10).  For the reasons set forth below, the motion is denied.

## BACKGROUND

The government instituted this action *in rem* on August 13, 2012.  Attached to the complaint is the Declaration of Detective Mark Cromwell, Medford Police Department, which establishes the factual support for the complaint as follows:

On January 27, 2012, a narcotics detection canine handled by Medford Police Officer Rob Havice alerted to a package addressed to claimant during a routine inspection of packages being offloaded from an airplane and sorted for delivery.  Declaration of Mark Cromwell in Support of Complaint in rem for Forfeiture at 2.  The package was addressed to claimant, and listed the shipper as "G & CO." with an address in Astoria, New York.  Id. at 3.  Detective Cromwell could not locate any company by the name of "G & CO." in Astoria.  Id. at 5.  The shipper's address was a large apartment complex in Astoria, although no unit number was listed on the package.  Id.  The telephone number associated with the Astoria, New York address was the same number as that listed for claimant in Grants Pass, Oregon, and was disconnected.  Id. at 3, 5.

After obtaining a search warrant, Officer Havice and Detective Cromwell opened the package.  Id. at 2.  The package was heavily taped on the exterior, with each edge and seam sealed with multiple layers of packing tape.  Id. at 3.  Upon opening the box, Officer

Havice and Detective Cromwell found a second box that also had all of the seams sealed with packing tape. _Id._ Inside the second box, the $17,980.00 in United States currency was vacuum sealed inside multiple layers of plastic. _Id._ The officers found a soap-like fragrant substance between the layers of plastic. _Id._ A search of the Oregon Medical Marijuana Program registry revealed that claimant's address was listed as a participant. _Id._ at 4.

## DISCUSSION

### I.    Motion to Dismiss

The government contends that the $17,980.00 in currency represents proceeds traceable to an exchange for controlled substances, or was used or intended to be used to facilitate such a transaction, and is thus forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6). In his motion to dismiss, claimant argues that the government does not state any facts attributing criminal activity to the claimant or the defendant currency.

Rule G(2) sets forth the pleading requirements for a complaint in a civil forfeiture proceeding. Pursuant to that rule, a complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. R.") G(2)(f) & G(8)(b). When ruling on a motion to dismiss, this court accepts

the factual allegations of the complaint as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

At trial, the government will bear the burden of proving, by a preponderance of the evidence, that the seized currency is forfeitable, and that there is a substantial connection between the currency and a drug offense.  18 U.S.C. § 983(c)(1) & (3).  At the pleading stage, however, the government need not identify the particular drug offense to which the currency was connected, so long as the allegations of the complaint are otherwise sufficient to support the reasonable belief that the government will be able to carry its ultimate burden of proof at trial.  United States v. Two Parcels of Property Located in Russell Cty., Ala., 92 F.3d 1123, 1127 (11th Cir. 1996); United States v. $42,990.00 U.S. Currency, 2010 WL 2506360, at *4 (M.D. Tenn. June 17, 2010), adopted by, 2010 WL 2803954 (M.D. Tenn. Jul. 15, 2010); United States v. Funds in the Amt. Of $45,050.00, 2007 WL 2323307, at *5 (N.D. Ill. Aug. 9, 2007).  A complaint may not be dismissed on the ground the government did not have adequate evidence at the time the complaint was filed.  28 U.S.C. § 983(a)(3)(D).

As outlined above, the government alleges the following facts support the forfeiture of the defendant United States currency: (1) a canine search of the package containing the defendant currency was positive for the odor of narcotics; (2) the package had

4 – OPINION AND ORDER

multiple layers of tape covering every seam, a second box on the inside, and vacuum sealed plastic with a soap-like fragrant substance covering the defendant currency; (3) the package contained a large amount of currency; (4) the recipient of the package had access to controlled substances through her participation in the Oregon Medical Marijuana Program; and (5) the sender and recipient information on the package was incomplete or incorrect in multiple respects, including the lack of a unit number, "G & CO." not being in operation, and the use of the same disconnected telephone number for sender and recipient.

Claimant's argument that this court must discount the dog alert is incorrect. The allegation of a trained narcotics-detecting dog's alert to the odor of narcotics on the defendant property is relevant to establishing forfeitability and a substantial connection with a drug offense. See United States v. Currency, U.S. $42,500.00, 283 F.3d 977, 982-83 (9th Cir. 2002).

Claimant's argument that the complaint must establish probable cause at this stage because the seizure of the property would otherwise violate Due Process is also incorrect. Property may generally only be seized to begin forfeiture proceedings after the issuance of a warrant supported by probable cause. 21 U.S.C. § 981(b); Supp. R. G(3)(b). This court issued such a warrant in this case. Warrant for Arrest and Seizure of Property (#4). Thus, the

seizure of the defendant currency was constitutional.  See <u>Calero-Toledo v. Pearson Yacht Leasing Co.</u>, 415 U.S. 663, 676-80 (1974).

The allegations contained in the complaint and attached declaration, including the canine alert, are sufficient to support a reasonable belief that the government will be able to meet its burden at trial.  Accordingly, claimant's motion to dismiss is denied.

**II.   Motion to Transfer Venue**

Claimant moves to transfer venue to the United States District Court for the District of Oregon, Medford Division.  Venue lies in the District of Oregon.  This case was filed in the Portland Division by the United States Attorney and assigned to me pursuant to the District of Oregon's Case Assignment Plan.  If this case proceeds to trial, the court will consider reassignment to a judge in the Medford Division at that time.  Accordingly, claimant's motion to transfer venue is denied without prejudice.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, claimant's Motion to Dismiss and for Change of Venue (#10) is DENIED.

IT IS SO ORDERED.

DATED this _22_ day of January, 2013.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

6 - OPINION AND ORDER